# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

IN RE PEDRAM SHIRZAD,

        Debtor,

_____

JOANNA COOK,

        Appellant,

    v.

PEDRAM SHIRZAD,

        Appellee.

_____

Case No. CV 17-5521 FMO

(BK Case No. 15-bk-11350 VK)
(Adv. Case No. 15-ap-1084 VK)

**ORDER RE: BANKRUPTCY APPEAL**

Having reviewed and considered the record and briefing filed with respect to the instant case the court finds that oral argument is not necessary to resolve the Appeal, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

This is an appeal of the judgment entered in favor of appellee Pedram Shirzad ("appellee" or "Shirzad"), on one claim of nondischargeability pursuant to 11 U.S.C. § 523(a)(6),[1] (see Adv. Dkt. 87, Judgment of July 10, 2017), as well as the bankruptcy court's order dismissing one claim

---

[1] All subsequent statutory references are to Title 11 of the United States Code and all subsequent "Rule" references are to the Federal Rules of Bankruptcy Procedure unless otherwise indicated.

under § 523(a)(4). (See Adv. Dkt. 39, Bankruptcy Court's Order of March 2, 2016). Appellant Joanna Cook ("appellant" or "Cook") initiated the underlying adversary proceeding in Shirzad's Chapter 7 bankruptcy case, seeking a determination that the state court judgment of $738,922.58 against Shirzad for breach of fiduciary duty was nondischargeable pursuant to §§ 523(a)(4) and (a)(6). (See Adv. Dkt. 1, Complaint). Cook filed the operative pleading, the First Amended Complaint (Adv. Dkt. 23, "FAC"), on November 10, 2015, following dismissal of the § 523(a)(4) claim without leave to amend and the § 523(a)(6) claim with leave to amend. (See Adv. Dkt. 21, Court's Order of November 4, 2015). Following a bench trial on the remaining § 523(a)(6) claim, the bankruptcy court found in favor of Shirzad, concluding that the state court judgment was dischargeable. (See Adv. Dkt. 87, Judgment of July 27, 2017).

The Notice of Appeal was filed with the bankruptcy court on July 24, 2017. Cook's designation of record pursuant to Fed. R. Bankr. P. 8009 was due on August 7, 2017, (see Dkt. 7, Notice of Discrepancy), and when no such designation had been filed as of August 15, 2017, the court ordered Cook to explain her failure to prosecute her appeal. (See Dkt. 8, Court's Order of August 15, 2017). On August 22, 2017, appellant filed her designation of record (Dkt. 11, "Designation of Record"). However, the Designation of Record omitted numerous vital record components, such as hearing transcripts. (See, generally, id.).

Three months later and one day after the parties filed their Joint Brief[2] (Dkt. 16), Cook's counsel apparently realized the gaping omissions in the appellate record, but instead of following proper procedure, see, e.g., Rule 8009(e)(1) ("If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to

---

[2] The court's Case Management Order (Dkt. 6, "CMO"), which was issued on August 7, 2017, requires the parties to file "a single, fully integrated Joint Brief, in which each issue (or sub-issue) raised by a party is immediately followed by the opposing party's/parties' response. The Joint Brief shall set out each issue (or sub-issue), including legal argument and direct citation to the Excerpts of Record, followed by the response with respect to that issue (or sub-issue), including legal argument and direct citation to the Excerpts of Record. . . . The parties shall focus on applying relevant and controlling legal authority to the facts germane to each disputed issue." (Dkt. 6, CMO at 2). It is the appellant's responsibility to file the Joint Brief with the court. (Id. at 5).

and settled by the bankruptcy court and the record conformed accordingly."), she filed a motion for judicial notice of the documents that were not included in the record. (See Dkt. 24, Appellant's Motion for the Court to Take Judicial Notice of Documents Referenced and Cited in the Trial on Appeal ("Motion for Judicial Notice")). On December 7, 2017, Shirzad filed an Opposition to the Motion for Judicial Notice (Dkt. 30), and a Limited Objection to Excerpts of the Record (Dkt. 31).

**DISCUSSION**

As an initial matter, it appears that Cook, in preparing her portion of the Joint Brief, took the same haphazard approach as she took in preparing the appellate record. For example, the Joint Brief "lacks a table of contents, a table of authorities, . . . and accurate citations to the record[.]" Sekiya v. Gates, 508 F.3d 1198, 1200 (9th Cir. 2007) (per curiam) (internal citations omitted). Further, Cook's portion of the Joint Brief is not only "replete with assertions of fact and assertions about the record, it contains a mere handful of generalized record citations[,]" N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997), and "essentially tosse[s] this bankruptcy case in [the court's] lap[], leaving it to [the court] to figure out the relevant facts and law." In re O'Brien, 312 F.3d 1135, 1137 (9th Cir. 2002).

"It cannot be expected that by such a showing the court is going to grope through the record" on behalf of the appealing party. Belden v. United States, 223 F. 726, 731 (9th Cir. 1915). The court is under no obligation to look "for facts that [Cook] overlooked and could have, but did not, bring to the surface in [her appeal]." Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011), cert. denied, 565 U.S. 1120 (2012); see Christian Legal Soc. Chapter of Univ. of Cal. v. Wu, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs.") (internal quotation marks omitted). When reviewing a bankruptcy court's decision, a "district court functions as an appellate court . . . and applies the same standards of review as a federal court of appeals[.]" In re Crystal Props., Ltd., 268 F.3d 743, 755 (9th Cir. 2001) (internal quotation marks omitted). As the Ninth Circuit has noted:

> [Appellate] rules of practice and procedure were not whimsically created by judges who derive some sort of pleasure from the policing functions that the existence of such rules necessarily entails. Rather, [these rules], when

> followed, serve to effectuate an efficient system for the orderly resolution of legal disputes. An incredible amount of time is wasted when [a] court must wade through a voluminous . . . record in a complex case after the attorneys have failed to provide proper excerpts of record that should have supplied the court with the materials relevant to the appeal. [¶] The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure [that have been] carefully developed and adopted.

Dela Rosa v. Scottsdale Mem'l Health Sys., Inc., 136 F.3d 1241, 1244 (9th Cir. 1998); see N/S Corp., 127 F.3d at 1146 ("We are passing through a period in the history of this country when the pressures upon the courts are extremely high. They are so because of the volume of work as more and more people seek to have the courts resolve their disputes and vindicate their rights. But resources are limited. In order to give fair consideration to those who call upon us for justice, [the court] must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief. Hence [there are] briefing rules.").

Given the many deficiencies in the record and Cook's portion of the Joint Brief, the court is persuaded that the instant appeal should be dismissed because of Cook's abject failure to comply with the procedural requirements necessary to pursue a bankruptcy appeal. See Wallace v. Bashas' Inc. Grp. Disability Plan, 428 F.Appx. 681, 682 (9th Cir. 2011) (dismissing appeal due to the appellant's "abject failure to adhere to the procedural requirements"); Universal Trading & Inv. Co., Inc. v. Lazarenko, 352 F.Appx. 210, 212 (9th Cir. 2009) (dismissing appeal on the basis of the appellant's deficient briefing); In re O'Brien, 312 F.3d at 1136 (dismissing appeal for inadequate and noncompliant briefing and appellate record); Dela Rosa, 136 F.3d at 1244 (dismissing appeal and noting that "[e]specially in this time of high numbers of judicial vacancies, attorneys should accept the responsibility of presenting an appeal of professional quality, which necessarily includes full compliance with the rules of court").

Even assuming Cook had complied with the various procedural requirements, her appeal would still fail on the merits. The court has reviewed Cook's case based on the record it has

before it and is satisfied that the bankruptcy court committed no error. See Sekiya, 508 F.3d at 1200. First, appellant contends that § 523(a)(4) claim should not have been dismissed and that the "bankruptcy court committed reversible error as a matter of law by refusing to apply the state court judgment's findings of law and fact" pursuant to 28 U.S.C. § 1738. (See Dkt. 16, Joint Brief at 25; Adv. Dkt. 39, Bankruptcy Court's Order of March 2, 2016). "Section 523(a)(4) of the Bankruptcy Code provides that Chapter 7 debtors may not discharge debts incurred due to the debtor's fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. For a debt to be held nondischargeable under § 523(a)(4)'s defalcation provision, the debtor must have been a fiduciary prior to his commission of the fraud or defalcation. In other words, the act of wrongdoing that created the debt cannot be the same act that gives rise to the fiduciary relationship." Bos v. Bd. of Trs., 795 F.3d 1006, 1008 (9th Cir. 2015), cert. denied, 136 S.Ct. 1452 (2016) (internal citations and quotation marks omitted). Thus, the bankruptcy court did not err because the constructive trust imposed by the prior state court judgment arose from the same act of wrongdoing that created the debt and the fiduciary relationship. See id.; Cook v. Shirzad, 2014 WL 2428547, *3 (Cal. Ct. App. 2014).

Next, Cook asserts that the "bankruptcy court committed reversible error by refusing to permit [appellant] from calling [appellee] as a witness at trial because of [appellant's] error in not including his name on her list of witnesses to testify in her case in chief." (Dkt. 16, Joint Brief at 40). A federal court "is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial, and it may exclude testimony from witnesses not listed in the pretrial witness list[.]" Reed v. Tracy, 647 F.Appx. 730, 731 (9th Cir. 2016) (holding that the trial court did not abuse its discretion on this basis) (internal citations and quotation marks omitted); see Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1139 (9th Cir. 2006) ("A court may exclude testimony from witnesses not listed in the pre-trial witness list.") (quoting Price v. Seydel, 961 F.2d 1470, 1474 (9th Cir. 1992)); Bonin v. Calderon, 59 F.3d 815, 828 (9th Cir. 1995), cert. denied, 516 U.S. 1051 (1996) (same). Under the circumstances, the court cannot say that the bankruptcy judge abused her discretion in excluding Shirzad.

Finally, Cook contends that the bankruptcy court "committed an abuse of discretion in

finding against plaintiff on her 11 U.S.C. §523(a)(6) claim, for 'willful and malicious injury.'" (Dkt. 16, Joint Brief at 48). Cook was able to put on her case and called multiple witnesses in the process. Under the circumstances, the court cannot say that bankruptcy judge erred in finding that Cook failed to meet her burden. See DZ Bank AG Deutsche Zentral-Genossenschaft Bank v. Meyer, 869 F.3d 839, 842 (9th Cir. 2017) ("We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo.").

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Cook's Motion for Judicial Notice **(Document No. 24)** is **denied**.

2. The appeal is **dismissed** for Cook's failure to comply with the various procedure requirements relating to preparation of the record and Cook's portion of the Joint Brief.

3. Alternatively, the Bankruptcy Court's Order of March 2, 2016 (Adversary Document No. 39) and Judgment of July 10, 2017 (Adversary Document No. 87) are **affirmed**.

Dated this 5th day of February, 2019.

/s/
Fernando M. Olguin
United States District Judge